IRA STODDARD, Respondent, v. J. B. REED, Doing Business under the Name of J. B. Reed Transfer & Storage Company, Appellant.

(175 N. W. 219.)

**Damages — negligence — driving heavy load down grade with team not under control as constituting negligence — question of negligence properly submitted to jury.**

This is an action to recover damages caused by a dray running against a motor vehicle. The evidence clearly shows that the defendant was guilty of negligence in going upon a slippery down-grade thoroughfare with a heavily loaded dray and a team not under control.

Opinion filed October 28, 1919.

Appeal from County Court, Ward County, *Murray, J.*

Affirmed.

*Bradford & Nash,* for appellant.

Defendant cannot recover on a claim of negligence not pleaded. Hall v. N. P. R. Co. 16 N. D. 64; Carter v. Kansas City R. Co. 21 N. W. 607; Flint & P. Marquette R. Co. v. Stark, 38 Mich. 714.

One in charge of a runaway team cannot be held liable for colliding with a vehicle on a highway to the injury of its occupants if the runaway is shown not to have been due to his negligence, and where the driver made an honest and earnest effort to avoid the vehicle and endeavored to warn the injured person of his danger. Kimball v. Stackpole, 60 Wash. 35, 35 L.R.A. 148, 110 Pac. 677; Cadwell v. Arnheim, 152 N. Y. 182, 46 N. E. 310; reversing 81 Hun, 39, 30 N. Y. Supp. 753; Hannock v. White, 11 C. B. N. S. 588, 31 L. J. C. P. N. S. 129.

The fact that horses are unmanageable or beyond control is not necessarily negligence. Ford v. Whitemen, 45 Atl. 543; Cunningham v. Belknap, 22 Ky. L. Rep. 1580, 60 S. W. 837; Brown v. Collins, 53 N. H. 442, 16 Am. Rep. 372.

Where an injury is due to the negligence of both parties, no recovery can be had. Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40.

*E. R. Sinkler* and *M. O. Eide,* for respondent.

Where there is no objection to the testimony of the plaintiff's witnesses on incompetent evidence, where there is no motion to strike out such testimony, such testimony stands and must be considered as competent, and the appellant in this case is bound by this testimony. 9 Enc. Ev. 111; Web v. Sweeney, 69 N. E. 200; People v. Smith, 53 Pac. 802; Chew v. Holt, 82 N. W. 901.

"On variance between allegations in a pleading, no proof shall be deemed material unless it actually mislead the adverse party to his prejudice in maintaining his action or the defense upon the merits. Whenever it shall be alleged that a party has been misled, the fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just." N. D. Comp. Laws 1913, § 7478; 17 N. D. 195; 15 N. D. 351; 15 S. D. 379.

ROBINSON, J. This is an appeal from a verdict of twelve accepted jurors and from a judgment of the county court of Ward county for $114.50. The complaint avers that on December 1, 1916, in Minot, North Dakota, at the corner where Main street and Central avenue intersect, the plaintiff was driving an Overland car in a westerly direction on the right side of the avenue when defendant going north on Main street with an heavily loaded dray, down a slippery incline, ran against the plaintiff's car to his damage of $114.50.

Concerning the amount of the damage there is no dispute, but defendant claims that by reason of the failure of plaintiff to keep out of the way of the dray team he was guilty of contributory negligence. At the time of the accident the dray was heavily loaded, it was on a down grade, the road was slippery, and the horses were not sharp shod so they could not hold back, the driver lost control, and the horses were pushed against the plaintiff's car.

In going upon a slippery down grade with a heavy load, with a team not under control and not able to hold back, the defendant was clearly guilty of negligence, and that negligence was the approximate cause of the accident. Manifestly the case was fairly tried and submitted to the jury and the verdict was well sustained by the evidence. There was no reasonable cause for the appeal.

The judgment is affirmed.

GRACE, J. I concur in the result.

CHRISTIANSON, Ch. J. (concurring). Appellant asserts that the evidence in this case does not establish actionable negligence on the part of the defendant; and that, in any event, the evidence shows that plaintiff was guilty of contributory negligence as a matter of law. It is therefore contended that the trial court erred in denying defendant's motion for a directed verdict. While I deem the questions of negligence and contributory negligence somewhat close, I believe that there was sufficient evidence to require their submission to the jury.

Appellant further contends that the court erred in its rulings on the admission and exclusion of evidence. It is not apparent that any of the assignments are well taken. And inasmuch as no argument has been submitted in their support, they should be deemed abandoned.